# EXHIBIT 1

Filing # 243445123 E-Filed 03/10/2026 12:09:49 PM

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

SERRE FULTON MURPHY,

      Plaintiff,

v.

CHELSEA KUYS, individually,
ERIC COESTAD, individually, and
HARRY PUTT, individually,

      Defendants.

_____/

## COMPLAINT

Plaintiff SERRE FULTON MURPHY ("Plaintiff"), by and through undersigned counsel, sues Defendants CHELSEA KUYS, ERIC COESTAD, and HARRY PUTT (hereinafter referred to as "Defendants"), and alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action arising from a violent physical assault that occurred on November 11, 2023, in Lisbon, Portugal.

2. Plaintiff Serre Fulton Murphy was brutally attacked by Defendants acting in concert with each other after a minor dispute concerning money.

3. As a result of the assault, Plaintiff sustained significant physical injuries, including craniofacial trauma, bilateral periorbital hematomas, subconjunctival hemorrhaging, facial contusions, and neurological symptoms, as well as emotional and psychological harm.

4. The incident was reported to the Polícia de Segurança Pública in Lisbon on November 11, 2023, and Plaintiff received emergency medical treatment at Hospital de São José in Lisbon.

## PARTIES, JURISDICTION AND VENUE

5. Plaintiff Serre Fulton Murphy is an individual and citizen of the United States who resides in Lisbon, Portugal.

6. Defendant Chelsea Kuys is a resident of Miami-Dade County, Florida with a valid Florida's driver's license and is otherwise *sui juris.*

7. Defendant Harry Putt is a resident of the Georgia and is otherwise *sui juris*.

8. Defendant Eric Coestad is a resident of California and is otherwise *sui juris*.

9. The Defendants have intentionally avoided prosecution and jurisdiction in Portugal where the incidents occurred, and have forced the Plaintiff to sue in the United States.

10. This Court has personal jurisdiction over Defendant Kuys because she is a resident of Florida.

11. The Court has jurisdiction over the remaining Defendants who were part of the conspiracy to injure and steal from Plaintiff and have the sufficient required minimum contact with this forum.

12. Venue is proper in this county because Defendant resides in this County.

13. The amount in controversy exceeds $50,000.00 which is the jurisdictional limit of this Court.

14. The acts giving rise to this action occurred in Lisbon, Portugal.

## FACTUAL ALLEGATIONS

15. On November 10, 2023, Plaintiff met Defendants in Lisbon, Portugal.

16. The group socialized throughout the afternoon and evening without incident, visiting various public locations including bars and public plazas in Lisbon.

17. Plaintiff did not initiate any conflict during their time together.

18. In the early morning hours of November 11, 2023, at approximately 2:00 a.m., Plaintiff provided eighty (80) euros to one Defendant for the purchase of drinks.

19. No drinks were purchased.

20. Plaintiff was later returned only a portion of the money thirty five (35) euros.

21. Upon realizing that a substantial portion of the funds was missing, Plaintiff calmly inquired about the discrepancy.

22. Without warning, Plaintiff was grabbed from behind by one of the Defendants who he could not see at the time.

23. Plaintiff was forcefully pulled to the ground.

24. While on the ground, Plaintiff was struck repeatedly in the head and face by the Defendants.

25. Plaintiff was punched and kicked by the Defendants acting together.

26. Plaintiff assumed a fetal position in an attempt to shield himself from further blows.

27. Plaintiff was struck in the back of the head, face, and body while defenseless.

28. Plaintiff feared for his life during the assault.

29. The attackers ceased only after inflicting significant physical injury and then fled the scene.

30. In addition to the physical assault, the Defendants also stole Plaintiff's wallet, which included cash.

31. At approximately 3:00 a.m., Plaintiff contacted emergency services and was taken to the hospital.

32. Later that same day, Plaintiff filed a formal complaint with the Polícia de Segurança Pública in Lisbon.

33. Plaintiff directed police officers to the location where the Defendants were staying.

34. Portuguese authorities intercepted Defendants later that afternoon about to depart for the Airport.

35. The Defendants declined medical evaluation and declined to file their own police report.

36. Plaintiff sought emergency medical care at Hospital de São José in Lisbon.

37. Medical records document cranioencephalic trauma and facial trauma. Plaintiff sustained bilateral infraorbital ecchymosis (extensive bruising beneath both eyes). Plaintiff suffered conjunctival hemorrhaging in both eyes. Plaintiff experienced diplopia (double vision).

38. Physicians suspected fracture of the left zygomatic arch and possible orbital floor involvement. Plaintiff underwent CT imaging of the cranium and facial structures. The injuries were consistent with repeated blunt-force trauma.

39. Photographs taken in the days following the assault depict severe bilateral facial bruising and swelling.

40. Plaintiff experienced significant pain, dizziness, disorientation, and neurological symptoms.

41. Plaintiff continues to suffer from physical pain and emotional distress arising from the assault.

42. Defendants actively participated in, encouraged, and acted in concert in committing the physical attack upon Plaintiff.

43. Defendant's conduct was intentional and without legal justification.

44. All conditions precedent to the filing of this Action have occurred or been waived.

45. Plaintiff retained the undersigned counsel and is obligated to pay attorneys' fees and costs, and seeks reimbursement of attorneys' fees and costs as permitted by law.

**COUNT I**
**Civil Liability Under Articles 483, 487, 496, and 562–566 of the Portuguese Civil Code**
**(All Defendants)**

46. Plaintiff repeats and realleges paragraphs 1 through 44 as if fully set forth herein.

47. Plaintiff's right to bodily and physical integrity is a legally protected personal right under Portuguese private law.

48. The unlawful conduct and resulting injuries occurred in Lisbon, Portugal.

49. Under New York choice-of-law principles governing tort claims, the substantive law of Portugal applies because the alleged wrongful conduct and injury occurred in Portugal.

50. Article 483(1) of the Portuguese Civil Code establishes the general principle of civil liability in tort and provides that any person who, either intentionally or negligently, unlawfully violates another's right shall be bound to indemnify the injured party for the damage caused by such violation.

51. Article 487 provides that fault (culpa) must be established by the injured party and is assessed with reference to the diligence of a reasonable person under the circumstances.

52. Defendants acting individually and in concert with each other, engaged in unlawful conduct that violated Plaintiff's legally protected right to bodily and physical integrity.

53. Defendants' conduct included grabbing Plaintiff from behind, striking him, and causing him to fall to the ground, where he was subjected to continued blows.

54. Such conduct constituted an unlawful violation of Plaintiff's bodily integrity.

55. Defendants' conduct was culpable within the meaning of Portuguese civil law.

56. As a direct and foreseeable consequence of Defendants' unlawful conduct, Plaintiff sustained serious physical injuries, including cranioencephalic trauma, facial trauma, bilateral periorbital ecchymosis, conjunctival hemorrhaging, diplopia, and related physical and neurological sequelae.

57. Defendants' unlawful conduct was an adequate and foreseeable cause of the injuries sustained by Plaintiff within the meaning of Article 563 of the Portuguese Civil Code.

58. Pursuant to Articles 562 through 564 of the Portuguese Civil Code, an injured party is entitled to be restored to the position he would have occupied had the injury not occurred and to recover all damages that would not have arisen but for the unlawful act, including present and future damages.

59. Plaintiff incurred medical expenses and required emergency hospital treatment, diagnostic imaging, and specialist evaluation.

60. Article 496 of the Portuguese Civil Code provides that serious non-patrimonial damages are compensable.

61. Plaintiff suffered serious non-patrimonial harm as a result of Defendants' unlawful conduct, including physical pain, fear during the incident, emotional distress, and psychological sequelae.

62. Under Portuguese law, co-authors of an unlawful act are jointly and severally liable for the entirety of the damages caused.

63. Defendants are therefore liable to Plaintiff for all damages arising from the unlawful violation of Plaintiff's rights.

**WHEREFORE**, Plaintiff SERRE FULTON MURPHY demands judgment against Defendants CHELSEA KUYS, ERIC COESTAD, and HARRY PUTT for damages, together with costs, disbursements, interest, and such other relief as the Court deems just and proper.

### COUNT II
### Conversion
### (Defendant KUYS)

64. Plaintiff repeats and realleges paragraphs 1 through 44 as if fully set forth herein.

65. Plaintiff has an ownership or possessory right to his wallet, credit cards, and funds.

66. Defendants Kuys interfered with Plaintiff's possessory interest over his personal property, without authority and exercised intentional dominion over that property, in violation and contravention of Plaintiff's possessory interest in that personal property.

67. Defendant Kuys engaged in a wrongful and intentional act to convert the property.

68. As such, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff SERRE FULTON MURPHY demands judgment against Defendant CHELSEA KUYS for damages, together with costs, disbursements, interest, and such other relief as the Court deems just and proper.

### COUNT III
### Conversion
### (Defendant COESTAD)

69. Plaintiff repeats and realleges paragraphs 1 through 44 as if fully set forth herein.

70. Plaintiff has an ownership or possessory right to his wallet, credit cards, and funds.

71. Defendants Coestad interfered with Plaintiff's possessory interest over his personal property, without authority and exercised intentional dominion over that property, in violation and contravention of Plaintiff's possessory interest in that personal property.

72. Defendant Coestad engaged in a wrongful and intentional act to convert the property.

73. As such, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff SERRE FULTON MURPHY demands judgment against Defendant ERIC COESTAD for damages, together with costs, disbursements, interest, and such other relief as the Court deems just and proper.

## COUNT IV
### Conversion
### (Defendant PUTT)

74. Plaintiff repeats and realleges paragraphs 1 through 44 as if fully set forth herein.

75. Plaintiff has an ownership or possessory right to his wallet, credit cards, and funds.

76. Defendants Putt interfered with Plaintiff's possessory interest over his personal property, without authority and exercised intentional dominion over that property, in violation and contravention of Plaintiff's possessory interest in that personal property.

77. Defendant Putt engaged in a wrongful and intentional act to convert the property.

78. As such, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff SERRE FULTON MURPHY demands judgment against Defendant HARRY PUTT for damages, together with costs, disbursements, interest, and such other relief as the Court deems just and proper.

## COUNT V
### Battery
### (Defendant KUYS)

79. Plaintiff repeats and realleges paragraphs 1 through 44 as if fully set forth herein.

80. Defendant Kuys intentionally committed acts intending to cause harmful or offensive contact with Plaintiff.

81. Defendant Kuys made an offensive and harmful contact with Plaintiff.

Xander Law Group, P.A.
25 S.E. 2nd Avenue, Suite 808, Miami, FL 33131 * (305) 767-2001 matt@xanderlaw.com, jose@xanderlaw.com

82. As such, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff SERRE FULTON MURPHY demands judgment against Defendants CHELSEA KUYS for damages, together with costs, disbursements, interest, and such other relief as the Court deems just and proper.

## COUNT VI
### Battery
### (Defendant COESTAD)

83. Plaintiff repeats and realleges paragraphs 1 through 44 as if fully set forth herein.

84. Defendant Coestad intentionally committed acts intending to cause harmful or offensive contact with Plaintiff.

85. Defendant Coestad made an offensive and harmful contact with Plaintiff.

86. As such, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff SERRE FULTON MURPHY demands judgment against Defendants ERIC COESTAD for damages, together with costs, disbursements, interest, and such other relief as the Court deems just and proper.

## COUNT VII
### Battery
### (Defendant PUTT)

87. Plaintiff repeats and realleges paragraphs 1 through 44 as if fully set forth herein.

88. Defendant Putt intentionally committed acts intending to cause harmful or offensive contact with Plaintiff.

89. Defendant Putt made an offensive and harmful contact with Plaintiff.

90. As such, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff SERRE FULTON MURPHY demands judgment against Defendants HARRY PUTT for damages, together with costs, disbursements, interest, and such other relief as the Court deems just and proper.

## COUNT VIII
### Civil Conspiracy
### (All Defendants)

91. Plaintiff repeats and realleges paragraphs 1 through 44 as if fully set forth herein.

92. A agreement existed between the Defendants to do an unlawful act or to do a lawful act by unlawful means, to wit: commit a battery and conversion on Plaintiff.

93. The Defendants executed an overt act in pursuance of the conspiracy.

94. Plaintiff suffered damage as a result of the acts performed through the conspiracy.

**WHEREFORE**, Plaintiff SERRE FULTON MURPHY demands judgment against Defendants for damages, together with costs, disbursements, interest, and such other relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff requests a trial by jury on all issues triable by jury.

By: */s/Jose Teurbe-Tolon*____
JOSE TEURBE-TOLON, ESQ.
Fla. Bar No.: 87791

XANDER LAW GROUP, P.A.
25 S.E. 2nd Avenue, Suite 808
Miami, Florida 33131
Telephone: (305) 767-2001
service@xanderlaw.com
jose@xanderlaw.com
*Counsel for Plaintiff*